# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LEONARD DUNN,

              Plaintiff,

    v.

EDWARD ALAMEIDA, et al.,

              Defendants.

_____/

CASE NO. 1:03-CV-06500-REC-LJO-P

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO OBEY A COURT ORDER

(Doc. 4)

      Plaintiff Leonard Dunn ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 13, 2003, the court issued an order requiring plaintiff to file a completed application to proceed in forma pauperis or pay the filing fee in full within thirty days from the date of service of the order.  On January 26, 2004, after reviewing two letters submitted by other inmates stating that plaintiff is legally blind and needs assistance, the court issued an order granting plaintiff an extension of time and directing plaintiff to comply with the court's November 26 order within thirty days.  The court directed the Clerk's Office to serve a courtesy copy of the second order on the two inmates who submitted letters on plaintiff's behalf.[1] More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

///

---

[1] The courtesy copy sent to inmate Reginald Davin was returned by the United States Postal Service as undeliverable because it had erroneously been addressed to Reginald Dunn.  (Doc. 5.)  The order was re-sent to Reginald Davin on March 18, 2004.

1    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

2    Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

3    sanctions . . . within the inherent power of the Court." District courts have the inherent power to

4    control their dockets and "in the exercise of that power, they may impose sanctions including, where

5    appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

6    1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

7    action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

8    Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

9    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

10   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

11   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

12   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

13   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

14   failure to lack of prosecution and failure to comply with local rules). In determining whether to

15   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local

16   rules, the court must consider several factors: (1) the public's interest in expeditious resolution of

17   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

18   the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

19   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

20   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21   In the instant case, the court finds that the public's interest in expeditiously resolving this

22   litigation and the court's interest in managing the docket weigh in favor of dismissal. The third

23   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

24   injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air

25   West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of

26   cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

27   Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

28   satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;

1  <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order requiring plaintiff to submit

2  an application to proceed in forma pauperis or pay the filing fee expressly stated:  <u>"The failure to</u>

3  <u>comply with this order will result in dismissal</u>."  Thus, plaintiff had adequate warning that dismissal

4  would result from his noncompliance with the court's orders.

5       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without

6  prejudice, based on plaintiff's failure to obey the court's order of January 26, 2004.

7       These Findings and Recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

9  **days** after being served with these Findings and Recommendations, plaintiff may file written

10  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

12  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

13  1153 (9th Cir. 1991).

14

15  IT IS SO ORDERED.

16  **Dated:    September 26, 2005**           **/s/ Lawrence J. O'Neill**

17  b9ed48                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28